**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KISHOR KHATIWADA, | No. 16-71772 |
| Petitioner, | Agency No. A093-396-754 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2018
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,** District Judge.

Petitioner Kishor Khatiwada, a Nepali national and citizen, seeks review of

the Board of Immigration Appeals' ("BIA") decision denying him asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Reviewing the agency's factual findings for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), we grant the petition with regard to Khatiwada's asylum and withholding claims.[1] We deny the petition with regard to his CAT claim.

Khatiwada's claims are based on his and his family's affiliation with the Nepali Congress Party, a major political opponent of Nepal's Maoists. Khatiwada testified that in 2003, a group of eight Maoists came to his family home and demanded that his family quit the party and provide three sons to the Maoist armed forces. The Maoists beat Khatiwada's father and abducted his brother when his father refused their demands. Later, while Khatiwada was living elsewhere in Nepal, a group of Maoists returned to the family home, reiterated their demands, and abducted another brother. After Khatiwada fled Nepal for the United States, individuals claiming to be affiliated with the Maoists harassed his wife on multiple occasions, requesting a monetary "donation" and threatening to kill Khatiwada if he returned to Nepal without notifying them and joining their cause. An immigration judge ("IJ") found Khatiwada credible but determined that he had not shown a legally sufficient nexus between any potential persecution and a protected ground—in this case, his actual or imputed political beliefs—that could entitle him to asylum or withholding. *See* 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A). The

---

[1] We refer to the BIA and immigration judge collectively as "the agency."

2

BIA affirmed.

1.  Simply resisting recruitment is not an inherently political act. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992).  But it does not follow that Khatiwada's "desire to avoid conscription . . . somehow disqualified [him] from eligibility" for relief. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1068 (9th Cir. 2003). Even if substantial evidence supports the agency's conclusion that Khatiwada's association with the Nepali Congress Party was not "one central reason" for the Maoists' first visit to Khatiwada's family home and attempt to recruit Khatiwada, the agency did not consider whether Khatiwada's or his family's political affiliation was "a reason" for the Maoists' targeting them.[2] *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) ("We hold that 'a reason,'" the standard applicable to withholding, "is a less demanding standard than 'one central reason[,]'" the standard that governs asylum claims.).  Nor does it appear that the agency considered the Maoists' motivation for their attacks on Khatiwada's family following the family's refusal to cooperate with them during the first incident—the agency did not expressly discuss whether Khatiwada's political beliefs were one central reason or a reason for the subsequent incidents.  We remand so that the BIA

---

[2] The Government concedes that the agency did not consider whether Khatiwada might have satisfied the "a reason" standard and that remand is appropriate if the Maoists might have been motivated by both political and non-political factors.

3

may reconsider whether the nexus requirement for asylum or withholding was satisfied here, and, if so, to evaluate whether Khatiwada has satisfied the other requirements for those forms of relief.

2. Substantial evidence supports the agency's determination that Khatiwada has not shown he would more likely than not be tortured by or with the acquiescence of a government official if he returned to Nepal. *See* 8 C.F.R. § 1208.16(c)(2). Khatiwada's assertion that he would be tortured in the future because some Maoists now hold positions in the Nepali government relies on a series of inferences not compelled by the record. Khatiwada produced nothing showing that the Maoists who targeted his family are the same as or linked to those who now hold power; there are multiple rival Maoist factions in Nepal. We therefore deny the petition with respect to the CAT claim.

**GRANTED in part, DENIED in part, and REMANDED.**